IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael Keegan, et al.,                      Case No. 3:08CV1030

         Plaintiff,                        ORDER

     v.

Holiday Cycle Sales, Inc., et al.,

         Defendants,

       This lawsuit arises out of the repossession of a motorcycle by defendant Holiday Cycle Sales, Inc., [Holiday Cycle] from plaintiff William Keegan. He and his wife, Kathy Keegan, sued Holiday Cycle, and its employees, Edwin F. Machnik, Jr., Shannon Dungee and John Taylor. Plaintiffs claim defendants Dungee and Tayler acted negligently under O.R.C. § 4511.38 by attempting to drive a motorcycle they were possessing for Holiday Cycle up a ramp onto the bed of a pickup truck. Plaintiffs claim that the ramp they were using was too narrow, and that when Taylor stopped midway up the ramp he had no place to put his feet and remain balanced. He and the motorcycle fell onto plaintiff Michael Keegan, who was standing at the rear of the driver's side of the pickup truck. Michael Keegan claims to have been injured seriously; his wife claims loss of consortium.

       Pending is plaintiffs' motion for partial summary judgment as to liability. [Doc. 17] For the reasons that follow, the motion shall be denied.

       The gravamen of plaintiffs' complaint against the defendants is that the defendant employees

failed to give a verbal warning before Taylor started up the ramp. Thus, according to plaintiff Michael Keegan, he was unaware that Taylor would be trying drive up the ramp, which plaintiff admits he knew was too narrow to enable loading to be accomplished safely.

### Discussion

#### 1. Employer's Vicarious Liability, Despite Lack of Service of Process on Employees

The first issue for determination is whether Holiday Cycle can be held vicariously liable for the acts of Taylor and Dungee, who was assisting Taylor with the repossession of the motorcycle. Holiday Cycle suggests that, because its now former employees have not been served, it cannot acknowledge that they were negligent.

Lack of service on Holiday Cycle does not keep it from being found vicariously liable – even on the basis of a motion for summary judgment.

A negligent employee who caused plaintiffs' injuries is not a necessary or indispensable party in an action to establish the employer's liability. *Delong v. Arms*, 251 F.R.D. 253 (E.D. Ky 2008). In *Delong*, the plaintiffs failed to name two employees of a supermarket in a false imprisonment case. The plaintiffs failed to initially name the employees in a motion for leave to amend the complaint two years after the complaint initially was filed. *Id*. at 255.

The court ruled that adding the employees would violate the 120 day window provide by Fed. R. Civ. P. 4(m) within which a defendant must be served. *Id*. The plaintiffs failed to show good cause to deviate from the 120 day window. The court dismissed all claims against the unnamed defendants.

The court also noted, however, that it could conclude that the employee was negligent and the employer was vicariously liable even if the employee was not a party to the litigation. *Id.* at 256.

This was so, because the employees were not indispensable parties *vis-a-vis* a finding of vicarious liability as to the employer *Id*.

This court could, accordingly, hold Holiday Cycle liable for the acts of Dungee and Taylor even if plaintiffs had not named these employees as defendants. Applying the rationale of *Delong*, Holiday Cycle may be found liable for its employees' negligence, even though plaintiffs have failed to serve them.

It is not necessary for Holiday Cycle to stipulate to its employees' negligence for it to be found vicariously liable for any such negligence.

### 2. Negligence of Taylor and Dungee

Plaintiff alleges that Taylor and Dungee acted negligently under O.R.C. 4511.38. That statute provides:

> No person shall start a vehicle, streetcar, or trackless trolley which is stopped, standing, or parked until such movement can be made with reasonable safety. Before backing, operators of vehicle[s], streetcars, or trackless trolleys shall give ample warning, and while backing they shall exercise vigilance not to injure person or property on the street or highway.

To find Taylor negiglent, a trier of fact must find that he operated the motorcycle without due regard for the safety of persons and property. In *Koulianos v. Tribble,* 1981 WL 4781, *3 (Ohio Ct. App.), a driver was found negligent for having back up, where his view was obscured, without using a warning, as required by the statute.

I conclude that, in this, the issue of Taylor's negligence is not dependant on his compliance with that statute. His use of a too narrow ramp, coupled with his decision – for whatever unknown, and perhaps unknowable reason – constituted negligence. A jury could make no other finding.

Thus, I shall grant summary judgment to the plaintiff on the issue of Taylor's, and thus,

3

vicariously, Holiday Cycle's negligence.

### 3. Plaintiff's Contributory Negligence

Holiday Cycle contends that plaintiff Michael Keegan was contributorily negligent because he stood near the ramp, which he admittedly knew was too narrow to be used safely, knowing that the motorcycle was about to be driven up the ramp. Alterntaively, Holiday Cycle contends that plaintiff assumed the risk of injury.[1]

In response, plaintiff argues that Taylor should have warned him that he was about to start up the ramp, so that he could have taken himself from harm's way.

I diasagree: though not addressed by the parties, a jury could find that noise from the motorcycle as Taylor was about to start up the ramp might have given plaintiff *de facto* notice that he was about to try to ride up the ramp. A verbal warning would, in that circumstance, not have added anything – if, indeed, it had been audible.

These are issues of fact that only a jury can resolve. It might find that a warning should have been given, and thus relieve plaintiff of any implication of contributory negligence. Or it might find that he was, or should have been otherwise aware that the cycle was about to head up the ramp, but

---

[1] Under Ohio law, courts treat these two defenses together. Contributory negligence means "any want of ordinary care on the part of the person injured, which combined and concurred with the defendant's negligence and contributed to the injury as a proximate cause thereof, and as an element without which the injury would not have occurred." *Dixon v. Miami Univ.*, 2005 WL 3316963, *10 (Ohio Ct. App.). The Supreme Court of Ohio has described the defense of assumption of risk as follows: "(1) consent or acquiescence in (2) an appreciated or known (3) risk. The practicalities of proof require that the defense of assumption of the risk also be applicable where the risk is so obvious that plaintiff must have known and appreciated it." *Hanson v. Flying J Travel Plaza*,161 F. Supp. 2d 779, 781 (N.D. Ohio 2001) (citing *Anderson v. Ceccardi*, 6 Ohio St.3d 110 (1983). In *Hanson, supra*, 161 F. Supp. 2d at 781, the court recognized that implied assumption of risk merged with contributory negligence. Primary assumption of risk, which remains a complete defense, does not merge. *Id.*

failed to protect himself from the known risk of doing so on a ramp that was too narrow. If so, the jury might find him to have been contributorily negligent, or to have assumed a known risk.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT

1. Plaintiffs' motion for summary judgment be, and the same hereby is granted as to the vicarious liability of defendant Holiday Cycle Sales, Inc.;

2. Plaintiffs' motion for summary judgment be, and the same hereby is denied as to the affirmative defenses of contributory negligence and implied assumption of the risk, without prejudice.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge